[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-12245
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 20, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 04-00324-CV-BH-L

GARY PAULLIN,

                                             Plaintiff-Appellee,

                          versus

CITY OF LOXLEY, AL,
CLIFF YETTER,
MICHAEL FARVER,

                                             Defendants,

KERRY MITCHUM,

                                             Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Alabama
----------------------------------------------------------------

**(March 20, 2006)**

Before EDMONDSON, Chief Judge, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Defendant Kerry Mitchum, a Loxley, Alabama, police sergeant, appeals the district court's denial of federal qualified immunity and state law discretionary function immunity. We reverse and remand.

Plaintiff Gary Paullin filed an action against Mitchum, the City of Loxley, and Loxley Police Chief Cliff Yetter, under 42 U.S.C. § 1983 and state law, and against Michael Farver, under state law, based on Paullin's allegedly unconstitutional arrest and prosecution arising out of the repossesion of a vehicle owned by Farver.[1] Paullin alleged, among other things, that Mitchum violated Paullin's rights under the Fourth and Fourteenth Amendments (1) by illegally securing and executing the arrest warrant and (2) by maliciously abusing Mitchum's authority to enforce Alabama's criminal laws to satisfy a civil dispute involving Farver. Paullin also presented state law claims based on these matters. The district court denied qualified immunity to Mitchum on the federal claims and denied state law discretionary function immunity on the state law claims.[2]

---

[1] Paullin conceded in the district court that the City and Chief Yetter were entitled to summary judgment. And, the district court stayed proceedings against Farver because he is serving in the military and is stationed outside the United States. We do not, therefore, address the claims against these defendants.

[2] The denial of summary judgment based on qualified immunity and on Alabama's discretionary function immunity is immediately appealable. See Wood v. Kesler, 323 F.3d 872, 877 n.7 (11th Cir. 2003) (citations omitted).

The facts in the light most favorable to Paullin are as follows.[3] Paullin is president and co-owner of Loss Recovery, Inc., a corporation that repossesses vehicles, is based in Milton, Florida, and does business in Florida and Alabama. Loss Recovery was hired by Eptrace, Inc., another Florida repossession company, to repossess a 1995 Ford pickup located in Baldwin County, Alabama. Eptrace sent paperwork showing that Farver was the owner of the vehicle and that a lien had been placed on the vehicle by Viraj Wikramanayake ("Viraj").

On 6 September 2002, Paullin's son, Nathan Paullin ("Nathan"), a Loss Recovery employee, effected the repossession of the vehicle in Loxley, Alabama. Paullin did not participate in the repossession of the vehicle. Shortly afterwards, Loss Recovery employee Julois Dewberry called Paullin and told him that a police officer was on the telephone and was threatening to put him in jail. Mitchum identified himself as a Loxley police officer and asked Paullin if he had the vehicle; Paullin said no. Mitchum told him that if he did not return the vehicle, Mitchum would have him jailed for theft. Paullin attempted to explain that the repossession was legal pursuant to the lienholder's request. Paullin told Mitchum

_____

[3]In reviewing a motion for summary judgment, we recount the facts in the light most favorable to Paullin, the non-moving party. See Wood, 323 F.3d at 875 n.1.

3

that, if the repossession had been completed, the vehicle would be on its way to Loss Recovery's Florida storage lot.[4]

With Mitchum on the phone, Paullin instructed Dewberry to fax Mitchum the documents that Loss Recovery had on the vehicle. Dewberry faxed the documents from Eptrace and the Loss Recovery "field copy," which indicated that "Nathan" had recovered the vehicle. Mitchum did not agree with Paullin's explanation that, because a lien had been placed on the vehicle, the repossession was a civil matter. Mitchum told Paullin that he had proof that the repossession was illegal and that he had a bill of sale.

On 13 September, Mitchum prepared an offense report based on Farver's complaint that Paullin illegally had repossessed Farver's truck. Farver told Mitchum that he was given a 1991 Ford pickup by his then-employer in Florida, a company owned by Farver's cousin and Viraj. Farver traded in the 1991 pickup to a Florida car dealer for a 1995 Ford pickup. Farver told Mitchum that he returned to Loxley to visit his parents and decided not to return to Florida. Farver also told Mitchum that he sold the truck to his father for the payoff amount of the loan on the 1995 truck and that his father then paid the Florida car dealership the payoff

---

[4]At the time Mitchum called Paullin, Paullin did not know whether Nathan had completed the repossession.

amount of the loan. Farver produced a copy of a certified check payable to the dealership, which Farver was told paid off the amount owed. Farver then stated that Viraj placed a lien on the truck after learning that Farver was not returning to work in Florida. Farver told Mitchum that Paullin had taken the truck and that he wished to press criminal charges against Paullin. Mitchum informed Farver that he would need to speak with Magistrate Judge Kay Hicks if he wished to pursue the matter further.

Mitchum later spoke to a person at the Florida car dealership, who told Mitchum that Farver had purchased the truck and was listed as the owner. Mitchum also contacted Viraj by telephone, but Viraj hung up after Mitchum identified himself as a police officer.

Magistrate Judge Hicks stated that Farver, on 16 September, requested that she issue an arrest warrant for Paullin. He related to her the same allegations that he told Mitchum and showed her documents from the car dealership indicating that he was the owner. After reviewing Farver's documents and Mitchum's offense report, Magistrate Hicks issued a warrant for Paullin's arrest for a violation of Ala. Code § 13A-8-3(b), first degree felony theft of a motor vehicle.

Also on 16 September, Mitchum called Paullin and again demanded that Paullin return the vehicle or be arrested. Paullin stated that the paperwork showed

5

a lienholder on the truck's title. Mitchum again told Paullin that he would be arrested if he did not return the truck.

After the conversation ended, the Santa Rosa County, Florida, Sheriff's Department received a teletype authorized by Mitchum stating that an active felony warrant existed on Paullin and requesting that Paullin be arrested. About 15 minutes later, Santa Rosa County deputy sheriffs arrested Paullin at his office for first degree theft of property on a warrant originating in Alabama. Paullin was taken to the county jail, processed, and placed in a jail cell. About two and a half hours after the arrest, Paullin was released on bond.[5]

We review de novo a district court's disposition of a summary judgment motion based on qualified immunity: we apply the same legal standards as the district court. See Storck v. City of Coral Springs, 354 F.3d 1307, 1309 (11th Cir. 2003). Summary judgment is appropriate when no genuine issue of material fact exists. Id. (citing Fed.R.Civ.P. 56(c)).

A government official sued under § 1983 may seek summary judgment on the ground that he is entitled to qualified immunity. Crosby v. Monroe County, 394 F.3d 1328, 1332 (11th Cir. 2004). To be eligible for qualified immunity, a

---

[5]An Alabama state court later granted the State of Alabama's motion to recall the arrest warrant. Paullin states that the vehicle was repossessed validly and eventually was returned to the lienholder.

government official first must show that he was performing a discretionary function at the time the alleged violation of federal law occurred. Id. (citation omitted).[6]  Once the official has established that he was engaged in a discretionary function, the plaintiff bears the burden of demonstrating that the official is not entitled to qualified immunity by showing: (1) that the defendant has committed a constitutional violation and (2) that the constitutional right the defendant violated was "clearly established" at the time he did it. Id. (citation omitted).

Paullin's federal claims implicate the Fourth Amendment's guarantee against unreasonable searches and seizures, which "encompasses the right to be free from arrest without probable cause." Id.  An officer is entitled to qualified immunity where the officer had "arguable probable cause": where an objectively reasonable officer in the same circumstances and possessing the same knowledge as Mitchum could have believed that probable cause existed to arrest Paullin. See Thornton v. City of Macon, 132 F.3d 1395, 1399 (11th Cir. 1998).[7]

---

[6]No one seriously disputed in the district court that Mitchum was performing discretionary functions in filling out the offense report and in requesting Paullin's arrest after the warrant issued. Paullin contends for the first time in his appellate brief that Mitchum acted outside the scope of his discretionary authority by using his position as a law enforcement officer to resolve a civil dispute. But Paullin failed to make this argument in the district court: we need not consider it. See Wright v. Hanna Steel Corp., 270 F.3d 1336, 1342 (11th Cir. 2001) (courts of appeal generally do not consider an issue not raised in the district court). Regardless, we determine that Mitchum was acting within the scope of his discretionary authority during the relevant events.

[7]Arguable probable cause, not actual probable cause, governs the qualified immunity inquiry. Jones v. Cannon, 174 F.3d 1271, 1283 n.3 (11th Cir. 1999).  And in deciding whether arguable

7

Mitchum is entitled to qualified immunity on the false arrest claim.

Viewing the information known to Mitchum at the time, arguable probable cause existed to arrest Paullin for first degree theft. Farver, claiming to be a victim, complained to Mitchum that Paullin had repossessed Farver's truck illegally. And Farver had documents indicating that he was the owner of the truck. See Rankin v. Evans, 133 F.3d 1425, 1441 (11th Cir. 1998) (stating that an officer generally is entitled to rely on a victim's criminal complaint as support for probable cause). When Mitchum called Paullin the first time, Paullin affirmed that his company had performed the repossession: Paullin did not deny his personal involvement. Mitchum was not required to credit Paullin's contention that the repossession was legal based on the request of the lienholder, Viraj. See Rodriguez v. Farrell, 294 F.3d 1276, 1278 (11th Cir. 2002) (stating that "a police officer need not credit everything a suspect tells him"). Further, the documents that Paullin allegedly faxed to Mitchum do not show that Farver was in default. See Ala. Code § 7-9A-609 (allowing secured party to take possession collateral after default).

Paullin contends that Mitchum failed to investigate Farver's claims sufficiently. But Mitchum did call the Florida car dealership (which confirmed

probable cause existed, we evaluate the information known to Mitchum at the time of his conduct, not the facts known to Paullin or facts known later. See id. at 1283 n.4.

8

that Farver purchased the truck and was listed as the owner) and Viraj, who refused to speak to him. In addition, we reject Paullin's argument that Mitchum's knowledge of the existence of a lien should have signalled to Mitchum that he was faced with a civil dispute, rather than a criminal matter. Magistrate Hicks also knew of the existence of a lien but still issued the arrest warrant. Based on the facts known to Mitchum at the time the arrest warrant issued, a reasonable officer could have believed that arguable probable cause existed to arrest Paullin for first degree theft based on an illegal repossession of Farver's truck.[8]

Of course, Mitchum did not arrest Paullin. Nor did Mitchum request that Magistrate Hicks issue an arrest warrant. Mitchum prepared an offense report, based on Farver's complaint and on Farver's supporting documents.[9] Mitchum then told Farver that he would have to talk to Magistrate Hicks if he wanted to pursue the matter. Farver related the same story to Magistrate Hicks, who issued an arrest warrant based on Farver's testimony and on the offense report. Mitchum

---

[8]We now know that Paullin's son, Nathan, recovered the truck. But before the arrest, the only information available to Mitchum suggesting that Paullin did not take part in the recovery is the Loss Recovery "field copy", which indicates in one location in handwriting that "Nathan" recovered the vehicle. Combined with Paullin's admission that his company repossessed the truck, we decline to conclude that this single document should have compelled Mitchum to disbelieve Farver's version of events.

[9]The district court stated that it "disagree[d] with Mitchum's contention that he provided no false information for the issuance of the arrest warrant." We are unsure what the district court meant by "false information": the court made no specific fact reference. But, on our review of the record, we cannot say that Mitchum included false information in the offense report.

then requested Florida law enforcement officials to assist in carrying out this warrant. Mitchum is entitled to qualified immunity on the false arrest claim.

Mitchum also is entitled to qualified immunity on the federal malicious abuse of process claim, based on Mitchum's alleged misuse of his authority to enforce Alabama's criminal laws to satisfy a civil dispute involving Farver. Paullin categorizes this claim as a malicious prosecution claim. But Paullin has not shown that Mitchum acted without probable cause, a required element of a § 1983 malicious prosecution claim. See Wood v. Kesler, 323 F.3d 872, 882-83 (11th Cir. 2003); Willis v. Parker, 814 So. 2d 857, 863 (Ala. 2001). Because Paullin has not shown a Fourth Amendment violation, Mitchum is entitled to qualified immunity on this claim.

And Mitchum is entitled to discretionary function immunity on the state law claims. Mitchum first must prove that he was "engaged in the performance of discretionary functions at the time the alleged torts occurred." Sheth v. Webster, 145 F.3d 1231, 1238 (11th Cir. 1998). Mitchum's acts were discretionary acts for immunity purposes. Paullin then must show that Mitchum "acted in bad faith, with malice or willfulness in order to deny them immunity." Id. at 1239. Because arguable probable cause existed, Mitchum is entitled to discretionary function immunity on Paullin's state law claims based on false arrest and malicious

10

prosecution.  See Wood, 323 F.3d at 884 (writing that existence of probable cause contradicts suggestion of malicious intent or bad faith); Borders v. City of Huntsville, 875 So. 2d 1168, 1179-80 (Ala. 2003) (adopting concept of "arguable probable cause" in discretionary function immunity cases).

For these reasons, we reverse the denial of Mitchum's motion for summary judgment and remand this case to the district court for entry of final judgment in favor of Mitchum on all of Paullin's claims.

**REVERSED and REMANDED.**